**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

1800 PARK AVENUE, LLC,

        Plaintiff,

          -v-                          1:26-CV-1477 (AJB)

KRIS DANIEL ROGLIERI *et al.*,

        Defendants.

_____

**Hon. Anthony Brindisi, U.S. District Judge:**

**<u>DECISION & ORDER</u>**

On July 31, 2026, U.S. Bankruptcy Judge Patrick G. Radel issued Proposed Findings of Fact and Conclusions of Law recommending that a default judgment be entered in favor of plaintiff 1800 Park Avenue LLC ("plaintiff") against defendant Kris Daniel Roglieri ("defendant") on the Fourth Claim for Relief of the Complaint, *i.e.*, a civil claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Dkt. No. 1.

Federal district courts enjoy original jurisdiction over proceedings under the Bankruptcy Code. 28 U.S.C. § 1334. But district judges ordinarily refer those cases to the bankruptcy judges, who act as the subject matter experts. 28 U.S.C. § 157(a). This judicial district is no exception. N.D.N.Y. L.R. 81.1. However, because there are "certain claims for which litigants are constitutionally entitled to an Article III adjudication," *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 669 (2015), "[t]he manner in which a bankruptcy judge may act on a referred matter depends on the type of proceeding involved," *Stern v. Marshall*, 564 U.S. 462, 473 (2011).

For so-called "core" bankruptcy proceedings, the bankruptcy court may hear and determine those matters itself and "enter appropriate orders and judgments." 28 U.S.C. § 157(b). The

bankruptcy court's "final judgments, orders, and decrees" on core proceedings are subject to review by the district court using an appellate standard.[1]  *See* 28 U.S.C. § 158(a)(1).  However, for "non-core" proceedings, and in the absence of consent from the parties, the bankruptcy court cannot enter a final judgment itself but must instead "submit proposed findings of fact and conclusions of law to the district court."  28 U.S.C. § 157(c)(1).

Where, as here, the bankruptcy court has transmitted proposed findings of fact and conclusions of law, the district court's job is to conduct a *de novo* review of "those matters to which any party has timely and specifically objected."  28 U.S.C. § 157(c)(1).  The district court "may accept, reject, or modify the proposed findings of fact and conclusions of law, take additional evidence, or remand the matter to the bankruptcy judge with instructions."  Fed. R. Bankr. P. 9033(c)(2).

No objections have been received.  Upon review, Judge Radel's proposed findings of fact and conclusions of law are accepted and will be adopted in all respects save one: the Court declines to award pre-judgment interest because plaintiff will be receiving a recovery of treble damages in the amount of $15,000,000.  There is no indication in the present record that this amount will be insufficient to adequately compensate plaintiff for the damages suffered.  *See, e.g.*, *Allstate Ins. Co. v. Harvey Family Chiropractic, Physical Therapy & Acupuncture, PLLC*, 2018 WL 8544440, at *17 (E.D.N.Y. Sept. 21, 2018) (explaining pre-judgment interest on RICO damages is a discretionary decision but collecting cases concluding that such an award is typically unnecessary where, as here, treble damages are being assessed).

Therefore, it is

ORDERED that

---

[1]  Alternatively, the district courts may grant leave to appeal "from interlocutory orders and decrees" issued by the bankruptcy court.  28 U.S.C. § 158(a)(3).

1.  The Proposed Findings of Fact and Conclusions of Law (Dkt. No. 1) are ACCEPTED as modified;

2.  Plaintiff 1800 Park Avenue LLC's motion for default judgment on the Fourth Claim for Relief in the Complaint against defendant Kris Daniel Roglieri is GRANTED;

3.  The Clerk of the Court is directed to ENTER JUDGMENT in favor of plaintiff against defendant in the amount of $15,000,000, representing plaintiff's actual damages of $5,000,000 trebled pursuant to 18 U.S.C. § 1964(c), with post-judgment interest accruing pursuant to 28 U.S.C. § 1961;

4.  Plaintiff is AWARDED reasonable attorney's fees of $156,440.00 and costs of $1,094.10 pursuant to 18 U.S.C. § 1964(c);

5.  Any restitution payments that plaintiff actually receives in *United States v. Roglieri*, 1:24-CR-392 (MAD) (N.D.N.Y.), on account of its loss shall be credited against the unpaid compensatory portion of the judgment, and vice versa, to prevent double recovery of plaintiff's actual loss; and

6.  The Second and Third Claims for Relief are DISMISSED without prejudice as moot.

The Clerk of the Court is directed to docket this opinion, enter a judgment accordingly, and close the file.

**IT IS SO ORDERED.**

Dated:  August 10, 2026
        Utica, New York.

Anthony J. Brindisi
U.S. District Judge